UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61721-BLOOM/Valle

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

FUSION ANALYTICS
INVESTMENT PARTNERS, LLC;
FUSION ANALYTICS HOLDINGS, LLC;
and MICHAEL J. CONTE,

    Defendants.
_____/

### FINAL JUDGMENT AGAINST FUSION ANALYTICS INVESTMENT PARTNERS, LLC, FUSION ANALYTICS HOLDINGS, LLC, and MICHAEL J. CONTE

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's ("Plaintiff" or "Commission") Unopposed Motion for Entry of Final Judgment Against Defendants Fusion Analytics Investment Partners, LLC ("FAIP"), Fusion Analytics Holdings, LLC ("Fusion Holdings"), and Michael J. Conte ("Conte," and, collectively with FAIP and Fusion Holdings, "Defendants"). ECF No. [33] ("Motion"). The Motion was granted by a separate Order. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate Final Judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that, by the Consent of Defendants to Final Judgment ("Consent") attached hereto, Defendants, without admitting or denying the allegations of the Complaint (except that Defendants admit the jurisdiction of this Court over it and over the subject matter of this action), Defendants have waived service of summonses and the Complaint, entered general appearances, consented to entry of this Final Judgment, waived

findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. As such, Final Judgment is entered in favor of Plaintiff and against Defendants as follows:

# I.
# PERMANENT INJUNCTIVE RELIEF

### A.

**Section 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act")**

Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, engaging in transactions with advisory clients in which Defendants have an interest without fully disclosing all material facts.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### B.

**Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act")**

FAIP and Conte are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)], by using any means or instrumentality of interstate commerce:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

by, directly or indirectly, engaging in transactions with advisory clients in which FAIP or Conte have an interest without fully disclosing all material facts.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Conte and FAIP's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Conte and FAIP or with anyone described in (a).

## II.

## **DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

Defendants are liable to the Commission, jointly and severally, for disgorgement of $36,123, representing net profits gained as a result of the conduct alleged in the Complaint, and for a civil penalty in the amount of $75,000, pursuant to Section 20(d) of the Securities Act and Section 209(e) of the Advisers Act.

Defendants shall satisfy their obligation by paying $111,123 to the Commission pursuant to the terms of the payment schedule set forth below after entry of this Final Judgment:

| | |
|---|---|
| Within 10 days of entry of judgment | $22,224.60 |
| Within 90 days of entry of judgment | $22,224.60 |

Case No. 21-cv-61721-BLOOM/Valle

    Within 180 days of entry of judgment       $22,224.60

    Within 270 days of entry of judgment       $22,224.60

    Within 360 days of entry of judgment       $22,224.60

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; FAIP, Fusion Holdings, and Conte as the defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

A payor shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, a payor relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by using all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. §

3001 et seq., and seek civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that

Case No. 21-cv-61721-BLOOM/Valle

they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.

## **BANKRUPTCY NONDISCHARGEABILITY**

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Conte, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Conte under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

Case No. 21-cv-61721-BLOOM/Valle

## IV.

### **INCORPORATION OF CONSENT**

The Defendants' Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## V.

### **RETENTION OF JURISDICTION**

This Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 29, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

attachment

Copies to:

Counsel of Record